# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| RAUL SANDOVAL, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CASE NO. 1:19-CV-01179 |
| | § | |
| CORDELL & CORDELL P.C., | § | |
| | § | |
| *Defendant*. | § | |

## DEFENDANT'S AMENDED DESIGNATION OF POTENTIAL WITNESSES, TESTIFYING EXPERTS, AND PROPOSED EXHIBITS

Pursuant to the Federal Rules of Civil Procedure and the Court's Scheduling Order, Defendant Cordell & Cordell P.C. hereby serves this Amended Designation of Potential Witnesses, Testifying Experts, and Proposed Exhibits.

### I.     Potential Witnesses

Defendant designates the following potential witnesses:

1. Raul Sandoval
2. Frank Murphy
3. Allison Cunningham
4. Scott Trout
5. Charles Hatley
6. Kim Gray
7. Sherri Unger
8. Megan Venable
9. Kathy Edson

10. Ian Dubman

11. Tedd Trabert

12. Cassandra Pillonel

13. Daniel Loughren

14. Kristen Zurek

15. Courtney Knox

16. Jamie Hall

17. Jillian French

18. Kelly Burris

19. Jennifer Kuhlenberg

20. Witnesses necessary for impeachment or rebuttal

In addition to the witnesses identified above, Defendant hereby cross-designates any witness identified by Plaintiff. Defendant reserves the right to supplement or amend this list of potential witnesses as discovery progresses.

## II. Expert Witnesses

Defendant designates the following expert witness pursuant to Federal Rule of Civil Procedure 26(a)(2)(C) to testify on the opinions he reached following his review of data related to the submission of client surveys to Defendant in 2017 and 2018:

Daniel Loughren
Loughren Consulting LLC
2 Fair Oaks St
Springfield, IL 62704

Mr. Loughren is expected to testify regarding the analysis he performed in 2018, including the conclusions he drew regarding the likelihood that the client surveys in question were not submitted by different clients based on the timing of the survey submissions, the IP

addresses from which they were sent, and the common attorney associated with the surveys in question. To the extent his testimony regarding his personal knowledge of the analysis relied upon by Defendant in terminating Plaintiff may involve opinions regarding the likelihood that the surveys in question were not submitted by different clients, Mr. Loughren may opine on the topic of IP addresses, including inferences that can be drawn based on the commonality of IP addresses.

Mr. Loughren was engaged by Defendant in 2018 to review data related to the submission of client surveys. This data included the date and time such surveys were submitted, the IP addresses from which they were submitted, the clients who purportedly sent the surveys, and the attorneys who represented the clients in question. At the time he performed this work for Defendant, Mr. Loughren was a Senior Information Security Architect employed by McAfee, LLC. Mr. Loughren has an extensive background in computer forensics, with a Master of Science in Cybersecurity and Information Assurance. When asked to review the survey data in question, Mr. Loughren was not asked to prove or disprove any proposition, but was instead simply asked to review the data and determine if he came to any conclusions regarding the data, based on his experience and knowledge in computer forensics.

Mr. Loughren is expected to offer testimony regarding his 2018 review of the client survey data in question, including any opinions he reached at the conclusion of his review that he provided to Defendant at the time. He is expected to offer testimony regarding the conclusions that he drew based on his review of the IP addresses, date and time stamps of submission, the associated attorneys, and the clients who purportedly submitted the surveys. Specifically, Mr. Loughren will offer his opinion regarding the irregularities he observed concerning multiple

surveys submitted close in time from the same IP address corresponding to different clients of the same attorney.

Mr. Loughren is expected to testify that he observed that on the dates of November 30, 2017 and February 16, 2018, client surveys were submitted on behalf of multiple clients from the same IP address close in time. He will testify that on November 30, 2017, four of Plaintiff's clients submitted surveys from the same IP address, 172.58.107.123, between the times of 15:56:22 and 17:00:40. He will testify that on February 16, 2018, six clients of Plaintiff submitted surveys from the same IP address, 172.58.71.120, between the times of 10:58:24 and 14:18:19. Mr. Loughren is expected to testify that he found these client surveys to be irregular and suspicious because they were submitted from the same IP address within a relatively short time period. He will testify that while an IP address may not show where these purported clients were located geographically when the surveys were submitted, one can infer that the surveys were submitted from the same location, wherever that location may be. Mr. Loughren will testify that he concluded the surveys must have been fraudulently submitted, unless multiple clients worked together to submit the surveys from the same device and in a short period of time. In addition, Mr. Loughren may be offered to rebut the admissible conclusions, if any, offered by Plaintiff's designated expert, Richard Gralnik, regarding IP addresses from which client surveys were submitted to Defendant. Mr. Loughren may rebut Mr. Gralnik's opinion that nothing conclusive may be said about where the individuals who submitted the client surveys at issue were located at the time of submission. Specifically, Mr. Loughren is expected to opine that while the specific geographic location may not be possible to discern from an IP address, one may conclude that individuals submitting surveys from the same IP address close in time may be assumed to be in the same location, regardless of where that specific geographic location may be.

Mr. Loughren will testify that it is this conclusion—that the surveys were submitted from the same location—combined with the fact that the surveys submitted were purportedly sent by different clients, close in time to one another, and that the surveys pertained to the same attorney, that made Mr. Loughren conclude that it was unlikely that the clients in question had submitted the surveys on their own behalf. Mr. Loughren opined to Defendant in 2018 and is expected to reaffirm this opinion at trial, that the surveys were likely submitted from the same device, or at least from the same location. Mr. Loughren will testify that the specific geographic location from which the surveys were submitted was not the critical issue—the pertinent conclusion he reached in 2018 was that the surveys came from the same place, close in time to each other. Mr. Loughren concluded that unless the clients submitted the surveys on the same device, close in time to one another, it was unlikely that the surveys were authentic.

Defendant designates the following expert witnesses on the issue of attorneys' fees:

Patrick S. Richter
Julie C. Tower
Jackson Lewis P.C.
816 Congress Ave., Suite 1530
Austin, Texas 78701
PH: 512.362.7100
FX: 512.362.5574

Mr. Richter and/or Ms. Tower may testify regarding Plaintiff's claims for attorneys' fees, if necessary. They may be called to testify regarding attorneys' fees, including whether the fees and expenses claimed are reasonable and necessary. Their testimony will be based on the number of hours reasonably expended in this case as well as their knowledge and experience and familiarity with the rates charged in relevant geographic region. They will also offer testimony as to the expenses incurred in this case. Factors to be considered will be the usual and customary attorneys' fees for cases of this type, the amount in controversy and results sought, the type and

difficulty of legal questions involved, the time limitations imposed by the case, the benefits derived, the experience, reputation, and ability of the attorneys providing services, the time and labor required, and the skill required.

### III. Proposed Trial Exhibits

Defendant anticipates using the following exhibits at trial:

1. Excerpts from Plaintiff's personnel file
2. Documents relevant to Plaintiff's termination
3. Documents related to Defendant's investigation into the client surveys at issue
4. Defendant's relevant policies and procedures
5. Plaintiff's subsequent employment records
6. Plaintiff's job search correspondence
7. All exhibits necessary for impeachment or rebuttal
8. Documents yet to be determined based on information obtained through discovery
9. Documents produced by Plaintiff and Defendant in this matter
10. All exhibits identified by Plaintiff not duplicative of the above

Defendant reserves the right to supplement or amend this list of proposed trial exhibits.

The parties have not yet completed discovery in this case. Defendant therefore reserves the right to supplement this list of potential witnesses, testifying experts, and proposed trial exhibits pursuant to the Court's Scheduling Order and the Federal Rules of Civil Procedure if additional witnesses and/or documents are identified during discovery.

Respectfully submitted,

By: /s/ *Julie C. Tower*
 Patrick S. Richter
 State Bar No. 00791524
 patrick.richter@jacksonlewis.com
 Julie C. Tower
 Texas Bar No. 24070756
 julie.tower@jacksonlewis.com
 JACKSON LEWIS P.C.
 816 Congress Ave., Suite 1530
 Austin, Texas 78701
 PH: 512.362.7100
 FX: 512.362.5574

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Western District of Texas, on December 31, 2020 and a copy was forwarded via ECF notice to the following attorneys of record:

 James D. Tawney
 JTawney@FTAlawfirm.com
 Daisy Chaparro
 DChaparro@FTAlawfirm.com
 906 N. Mesa, 2nd Floor
 El Paso, Texas
 PH: (915) 308-1000
 FX: (915) 300-0283

 /s/ *Julie C. Tower*
 Julie C. Tower